UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MARTHA L. RODRIGUEZ,

              Plaintiff,

    -against-

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

              Defendant.
-----------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 20-CV-3984-FB

*Appearances:*
*For the Plaintiff:*
HOWARD OLINSKY
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, New York 13202

*For the Defendant:*
REBECCA H. ESTELLE
Special Asst. United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

This Court previously remanded this case to the Commissioner of the Social Security Administration and awarded Plaintiff's counsel $4,503.71 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On remand, the Commissioner awarded Plaintiff $113,259.60 in past-due benefits, of which 25% ($28,314.90) has been withheld pending the Court's approval of a fee pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel now seeks that approval.

Plaintiff's counsel's motion is timely because it was served on the Commissioner only two days after he received of the award of past-due benefits.

*See Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019) (holding that the fourteen-day time limit in Federal Rule of Civil Procedure 54(d)(2)(B) applies to motions seeking attorney's fees pursuant to § 406(b), but is tolled until "the claimant receives notice of the benefits calculation.

In addition, the request is reasonable under the circumstances. Section 406(b) authorizes "a reasonable fee . . . , not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 207 F.2d 367, 372 (2d Cir. 1990). The fee requested here does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

The third factor requires the Court to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022). Having considered those factors, the Court finds that an award of $28,314.90

for 17.4 hours of work does not constitute a windfall. Although the effective hourly rate of $1,562.99 is high, the Second Circuit has approved similar rates.  *See id.* at 855 (approving effective hourly rate of $1,556.98).

Finally, because an attorney cannot receive fees under both the EAJA and § 406 (b), Plaintiff's counsel must return to his client the $4,503.71 EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Accordingly, the Court approves Plaintiff's counsel's requested fee award of $28,314.90. The Commissioner shall remit that amount directly to Plaintiff's counsel, who shall then remit $4,503.71 to his client and file and serve a declaration attesting to compliance with these directives.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 14, 2026